IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-50559
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KENNETH HERACLIO VASQUEZ, also known as Kenneth Heralio Vasquez

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-2308-ALL

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kenneth Heraclio Vasquez appeals his 30-month concurrent sentences imposed following his guilty plea to possession of stolen goods from interstate shipment, trafficking in unauthorized access devices, possession of unauthorized access devices, unauthorized sale of access devices, and unauthorized offering of access devices.

Vasquez argues that the district court erred in not adjusting his offense level downward for acceptance of responsibility. He argues that he pleaded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guilty prior to trial and that he did not deny any relevant conduct in which he was involved.

Entering a guilty plea prior to trial is a factor to be considered in determining whether an adjustment for acceptance of responsibility should be made. U.S.S.G. § 3E1.1, comment. (n.3). However, the entry of the plea does not entitle a defendant to the adjustment as a matter of right. Id. Consideration may also be given to whether the defendant truthfully admitted or falsely denied any additional relevant conduct for which he was accountable. § 3E1.1, comment. (n.1(a)). A defendant may remain silent with respect to relevant conduct without affecting his ability to obtain a reduction; "[h]owever, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." Id.

Vasquez denied at the evidentiary hearing that he sold more than 70 smart cards. The district court, which observed Vasquez's demeanor, determined that his testimony was not credible. Because Vasquez falsely denied engaging in the relevant conduct, he acted in a manner inconsistent with acceptance of responsibility. Id. Therefore, the district court's ruling is not without foundation. See United States v. Solis, 299 F.3d 420, 458 (5th Cir. 2002). The district court did not err in refusing to make an adjustment under § 3E1.1. The district court did not abuse its discretion in imposing the sentence and, thus, the sentence is reasonable. See Gall v. United States, 128 S. Ct. 586, 597 (2007).

AFFIRMED.